# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-1507

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Farris Lynette Haley, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 11, 2001

Filed: November 1, 2001

_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

This case comes before us on appeal from the district court's[1] denial of a motion to enter a judgment of acquittal based on insufficient evidence. We affirm.

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

## I.    BACKGROUND

Farris Lynette Haley was indicted, convicted, and sentenced for thirty-eight counts of fraud and embezzlement arising out of her employment at Southwest Bank in St. Louis, Missouri.  Specifically, a jury found Haley guilty of eighteen counts of violating the bank fraud statute, 18 U.S.C. § 1344(1) and (2); one count of violating the bank embezzlement statute, 18 U.S.C. § 656; 18 counts of making false entries in a bank's books and records, 18 U.S.C. § 1005; and one count of criminal asset forfeiture, 18 U.S.C. § 982(a)(2).  Haley claims on appeal that her conviction should be reversed because the government did not present sufficient evidence that her conduct at the bank was unauthorized.

In essence, Haley argues that the government did not call a witness, such as the bank's president, to testify that Haley did not have permission to steal money from the bank.  The government argues that Haley's appeal is procedurally barred and that the record provides a wealth of direct and circumstantial evidence that Haley's conduct at the bank was unauthorized.  We agree with the government, and note that Haley's argument borders on the frivolous and is completely without merit.

## II.    DISCUSSION

At the outset, the government argues that Haley's appeal is procedurally barred because in her motion for judgment of acquittal she referred only to the one count of violating the embezzlement statute and, even then, she did not renew her motion within the seven-day period following the discharge of the jury.  Fed. R. Crim. P. 29(c).  Although Haley's appeal is very likely procedurally barred, because we can easily decide the appeal on substantive grounds, we decline to reach the merits of this issue.

We now turn to Haley's argument that the government did not present sufficient evidence demonstrating that Haley's conduct at the bank was unauthorized.[2] When reviewing claims of insufficient evidence, we examine the evidence in a light most favorable to the government, giving the government the benefit of reasonable inferences, and reverse only if we conclude that a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of an essential element of the offense. United States v. Ivey, 915 F.2d 380, 383 (8th Cir. 1990).

Viewed in the light most favorable to the government (in fact, viewed in any light at all), the evidence at trial overwhelmingly demonstrates that Haley was not authorized to carry out the transactions that funneled over $200,000 of bank money to her personal accounts.

In November 1999, after a series of suspicious transactions, auditors at Southwest Bank began an investigation to determine whether money was missing. One of the auditors, John Rogoz, testified that his audit found a total of $203,325.98 missing from the bank. He also testified that false bank entries were made to hide and conceal the theft, which is why the bank was unaware that money was missing until a careful audit was conducted. The government called a handwriting expert who testified that the false entries were inscribed by Haley.

In addition, Misty Smith, a Certified Public Accountant and financial analyst employed by the Federal Bureau of Investigation, testified that Southwest Bank lost $203,325.98 as a result of Haley's actions. It would be nonsensical to characterize this money as "lost" or "missing" if Haley had authorization to carry out these

_____

[2]The government contends that it is not required to prove that Haley's embezzlement was unauthorized, because lack of authority is not an element of bank embezzlement. 18 U.S.C. § 656. Given that Haley's conduct was so obviously unauthorized, it is unnecessary to examine this argument.

transactions. In fact, the record shows that Haley utilized a variety of unauthorized schemes to transfer money from the bank to a number of her personal accounts.

As just one of many examples of Haley's embezzlement scheme, the evidence demonstrates that Haley created a series of cashier's checks made payable to her personal bank account at another bank. She funded these cashier's checks by drafting memos to make it appear as if one of Southwest Bank's large clients purchased the cashier's checks. After a careful audit of the bank's records this accounting trickery was uncovered. In addition to the fact that these fraudulent cashier's checks were deposited in Haley's personal accounts, William Storer, a handwriting expert, testified that Haley's handwriting appeared on the internal bank debit and credit memos associated with the unauthorized entry into the accounts of these large bank clients. It is absurd to suggest, as Haley does, that the government needed to put the bank president on the stand to testify that this kind of conduct was unauthorized. The jury was also told that the bank fired Haley for funneling bank funds to her personal account. Drawing the inference that this conduct was unauthorized was a logical conclusion. In sum, the evidence presented at trial by the government provided substantial support for the jury's verdict.

## III. CONCLUSION

For the reasons indicated, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-